1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  GERALD FELLOWS,                          )       1:09-cv-00294-LJO-JLT HC
                                             )
12                   Petitioner,             )       FINDINGS AND RECOMMENDATIONS TO
                                             )       DENY RESPONDENT'S MOTION TO
13          v.                               )       DISMISS PETITION FOR WRIT OF
                                             )       HABEAS CORPUS AS SUCCESSIVE
14                                           )
    J. D. HARTLEY, Warden,                   )       ORDER DIRECTING OBJECTIONS TO BE
15                                           )       FILED WITHIN TWENTY DAYS
                     Respondent.             )
16  _____ )

17

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.

20                          **PROCEDURAL HISTORY**

21          The instant petition was filed on February 17, 2009.  (Doc. 1).   Petitioner alleges that he is

22  challenging the decision of the Board of Parole Hearings ("BPH") denying parole at Petitioner's

23  tenth parole suitability hearing.  (Doc. 1, p. 9).  On May 15, 2009, the Court ordered Respondent to

24  file a response to the petition.  (Doc. 7).  On July 14, 2009, Respondent filed the instant motion to

25  dismiss, contending that the petition was a "second and successive" petition to an earlier federal

26  petition, and therefore the instant petition must be dismissed.  (Doc. 12).  On July 29, 2009,

27  Petitioner filed an opposition arguing that the instant petition addresses a different, and later, parole

28  suitability hearing than the one his previous petition addressed.  (Doc. 13).  Nowhere in either the

1    original petition or the opposition to the motion to dismiss does Petitioner provide a date or

2    transcript of the BPH hearing he purports to challenge in these proceedings. However, along with his

3    petition, Petitioner did attempt to file a series of paper exhibits that, ultimately, were lodged, rather

4    than filed, by the Clerk of the Court.  (Doc. 2).  Accordingly, those lodged exhibits were not

5    scanned, and therefore were not available to be viewed on the Court's electronic case management

6    system by Respondent.

7                                    **DISCUSSION**

8            A.  Procedural Grounds for Motion to Dismiss

9            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

10   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

11   petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section

12   2254 Cases.

13          The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer

14   if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

15   state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

16   4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

17   F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

18   state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

19   Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court

20   should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

21          In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C.

22   2244(b)(3)'s prohibition against second and successive habeas corpus petitions.  Because

23   Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure

24   to exhaust state remedies or for state procedural default, and because Respondent has not yet filed a

25   formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority

26   under Rule 4.

27   ///

28   ///

1    B.  The Petition Is Not A Second and Successive Petition.

2         A federal court must dismiss a second or successive petition that raises the same grounds as a

3    prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition

4    raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,

5    constitutional right or 2) the factual basis of the claim was not previously discoverable through due

6    diligence, and these new facts establish by clear and convincing evidence that but for the

7    constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying

8    offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a

9    second or successive petition meets these requirements, which allow a petitioner to file a second or

10   successive petition.

11        Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this

12   section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

13   order authorizing the district court to consider the application." In other words, Petitioner must

14   obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.

15   See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or

16   successive petition unless the Court of Appeals has given Petitioner leave to file the petition because

17   a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United

18   States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997),

19   cert. denied, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

20   Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and

21   Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v.

22   Murphy, 521 U.S. 320, 327 (1997).

23        Respondent contends that Petitioner has had twelve parole suitability hearings, commencing

24   with the original hearing in 1993 and concluding with the latest hearing, his eleventh successive and

25   twelfth overall suitability hearing, on August 19, 2008.  (Doc. 12, p. 2).  Respondent also contends

26   that the instant petition alleges defects in Petitioner's ninth subsequent suitability hearing and tenth

27   overall hearing, which occurred on June 28, 2006.  (Id., p. 4).  Respondent further argues that

28   Petitioner has already unsuccessfully challenged that same 2006 hearing in a habeas petition in case

no. 1:08-cv-01556-OWW-YNP.  (Id., p. 2).  Further, Respondent contends that nothing in the face of the petition indicates that Petitioner is challenging any suitability hearing other than the 2006 hearing.  Therefore, Respondent reasons, the instant petition is a second and successive petition and, there being no indication that the United States Court of Appeals for the Ninth Circuit has given Petitioner permission to file a successive petition, the instant petition should be dismissed.

For his part, Petitioner has opposed Respondent's motion to dismiss by contending case no. 1:08-cv-01556-OWW-WMW and the instant case involve different suitability hearings, although Petitioner again does not identify which hearing he is challenging in this petition.

The Court has reviewed the exhibits filed by Petitioner with the instant petition, despite the fact that, because the documents were lodged rather than filed, they were unavailable for Respondent to review in preparing the motion to dismiss.  Exhibit B to the lodged documents is a complete transcript of Petitioner's June 26, 2007 parole suitability hearing.  (Doc. 2, Exh. B).  Although the lodged document contain brief excerpts of various other suitability hearings, the only complete transcript is of the June 26, 2007 hearing.

While an express allegation by Petitioner that identified the date of the parole suitability hearing he was challenging might have avoided the expenditure of resources entailed in the motion to dismiss and this Findings and Recommendations, it nonetheless seems apparent from the lodged documents, as well as the timing of the state habeas petitions that exhausted Petitioners claims in state court, that Petitioner is in fact challenging the June 26, 2007 parole suitability hearing.  (Doc. 2, Exh. B).  Respondent does not contend that Petitioner has previously challenged the June 26, 2007 hearing by a federal habeas corpus petition in this Court.  Nor does the record contain any evidence that such a prior challenge to the 2007 hearing was ever made.  Accordingly, the Court concludes that the instant petition is not successive to the petition in case no. 1:08-cv-01556-OWW-WMW.  Hence, Respondent's motion to dismiss should be denied.

If the United States District Judge adopts these Findings and Recommendations, the matter will be remanded back to the Magistrate Judge for issuance of an order to answer the petition, which will include service of all relevant documents, including the lodged documents contained in Document #2, on Respondent.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 12), be DENIED.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 7, 2010**                              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE