# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD FELLOWS, | ) 1:09-cv-00294-LJO-JLT HC |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) DISMISS PETITION FOR PETITIONER'S |
| v. | ) FAILURE TO OBEY THE COURT'S ORDER |
| | ) |
| | ) ORDER DIRECTING THAT OBJECTIONS BE |
| WARDEN J. D. HARTLEY, | ) FILED WITHIN TWENTY DAYS |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on February 17, 2009.  (Doc. 1).  Petitioner submitted documents along with his petition.  The documents were lodged, rather than filed, by the Clerk of the Court according to the Clerk's routine practice to lodge transcripts. (Doc. 2).   On July 14, 2009, Respondent filed a motion to dismiss the petition on the grounds that the petition itself does not identify which parole hearing Petitioner is challenging.  (Doc. 12).  On January 7, 2010, the Court issued Findings and Recommendations to deny the motion to dismiss.  (Doc. 10).  Respondent filed objections arguing that the petition should be dismissed because it contained no "express allegation by Fellows that identified the date of parole consideration hearing that he was challenging."  (Doc. 16, p. 3).  Respondent also argued that, if the Court denied the motion to

1

dismiss, that the Court nevertheless should order Petitioner to file an amended petition that specifically identifies the date of the hearing he is challenging in his petition.  (Id.).  On January 28, 2010, the District Court adopted the Findings and Recommendations denying Respondent's motion to dismiss.  Shortly thereafter, on January 29, 2010, the Court issued an order requiring Petitioner to file an amended petition within thirty days that specifically identified the date of the parole hearing that he is challenging.  The order specifically stated that Petitioner's "failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110."  To date, Petitioner has not responded to the Court's order.

## DISCUSSION

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the Respondents; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  This case has been pending since February 17, 2009 and more than a month has passed since the expiration of the March 3, 2010 deadline for Petitioner to file the amended petition required by the Court's January 29, 2010 order.  To date, Petitioner has not filed an amended petition, has not

1   requested an extension of time to file an amended petition and has not communicated with the

2   Court in any fashion to explain his lack of compliance with the Court's January 29, 2010 order.

3   The Court cannot hold this case in abeyance indefinitely while awaiting compliance by

4   Petitioner.

5          The third factor, risk of prejudice to Respondents, also weighs in favor of dismissal, since

6   a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

7   action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- the public

8   policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

9   of dismissal discussed herein.  Finally, given Petitioner's noncompliance with the Court's order,

10  no lesser sanction is feasible.

11         Proving Petitioner time, from January 29, 2010 through March 3, 2010 and through the

12  filing of this Findings and Recommendation, in which to file his amended petition "constituted

13  an attempt at a less drastic sanction to that of outright dismissal."  Ferdik v. Bonzelet, 963 F.2d at

14  1262.  Furthermore, the Court's warning to Petitioner that his failure to obey the court's order

15  will result in dismissal satisfies the "consideration of alternatives" requirement.  Id.; Malone, 833

16  at 132-33; Henderson, 779 F.2d at 1424.  The Court's January 29, 2010 order expressly stated as

17  follows: "Petitioner is forewarned that his failure to comply with this order may result in a

18  Recommendation that the Petition be dismissed pursuant to Local Rule 110." (Doc. 18, p. 3).

19  Thus, Petitioner had adequate warning that dismissal would result from his noncompliance with

20  the Court's order.

21                                        **RECOMMENDATIONS**

22         Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

23  corpus (Doc. 1), be dismissed for Petitioner's failure to prosecute.  This Findings and

24  Recommendation is submitted to the United States District Court Judge assigned to the case

25  pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of

26  Practice for the United States District Court, Eastern District of California.  Within twenty (20)

27  days after being served with a copy, any party may file written objections with the court and

28  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

1    Judge's Findings and Recommendations."  Replies to the objections shall be served and filed

2    within ten (10) court days (plus three days if served by mail) after service of the objections.  The

3    Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

4    parties are advised that failure to file objections within the specified time may waive the right to

5    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6

7    IT IS SO ORDERED.

8    Dated:   **April 2, 2010**                              **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28